# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 21-1954V

```
* * * * * * * * * * * * * * * * * * * * * * * *   *
                                                  *
                                                  *
RICHARD MUTO,                                     *
                                                  *
                       Petitioner,                *   Special Master Jennifer A. Shah
                                                  *
v.                                                *
                                                  *   Filed: June 16, 2025
SECRETARY OF HEALTH AND                           *
HUMAN SERVICES,                                   *
                                                  *
                       Respondent.                *
                                                  *
                                                  *
* * * * * * * * * * * * * * * * * * * * * * * *   *
```

*Courtney Christine Jorgenson,* Siri & Glimstad, LLP, Phoenix, AZ, for Petitioner.
*Felicia Langel*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On October 4, 2021, Richard Muto ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq*.[2] (the "Vaccine Act" or "Program"), alleging that he developed chronic inflammatory demyelinating polyneuropathy ("CIDP") and small fiber neuropathy ("SFN") caused by the influenza ("flu") vaccination he received November 9, 2018.  ECF No. 1 ("Pet.") at 1.

On March 24, 2023, Respondent filed his Rule 4(c) Report, contending that entitlement to compensation should be denied.  ECF No. 32.  Thereafter, Petitioner filed additional medical

---

[1] Because this Decision contains a reasoned explanation for the action in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services).  **This means the Decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

records, an affidavit, and an amended petition, and both parties submitted expert reports and medical literature. *See* ECF Nos. 33, 36, 45, 47-49, 52-53, 61-62. On June 10, 2025, the parties agreed to submit this case for a ruling on the record. *See* ECF No. 63; Scheduling Order (non-PDF) dated 6/10/2025. That motion has not yet been filed.

On January 7, 2025, Petitioner filed an application for interim attorneys' fees and costs, requesting a total of $39,680.42, comprised of $25,760.50 for attorneys' fees and $13,919.92 for attorneys' costs. ECF No. 56 ("Fees App.") at 14. Respondent filed a response on January 8, 2025, deferring to me as to whether Petitioner has met the legal standard for an award of interim attorneys' fees and costs. ECF No. 57 ("Fees Resp.") at 2. Petitioner did not file a reply brief. This is Petitioner's first motion for interim fees and costs. Petitioner has not incurred any personal costs. Fees App. at 1, 17.

Petitioner was initially represented by Mr. Joseph Pepper. On February 15, 2024, Mr. Andrew D. Downing filed a motion to substitute as counsel for Petitioner. ECF No. 43. On January 14, 2025, Mr. Christopher Williams filed a motion to substitute as counsel for Petitioner. ECF No. 58. On January 25, 2025, Ms. Courtney Jorgenson filed a motion to substitute as counsel for Petitioner. ECF No. 59.

I hereby **GRANT IN PART** Petitioner's application and award a total of **$39,155.42** in interim attorneys' fees and costs.

## I.    Legal Standard

### A. Interim Attorneys' Fees and Costs

The Federal Circuit has held that an award of interim attorneys' fees and costs is permissible under the Vaccine Act. *Shaw v. Sec'y of Health & Hum. Servs.,* 609 F.3d 1372 (Fed. Cir. 2010); *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343 (Fed. Cir. 2008). In *Cloer*, the Federal Circuit noted that "Congress [has] made clear that denying interim attorneys' fees under the Vaccine Act is contrary to an underlying purpose of the Vaccine Act." *Cloer v. Sec'y of Health & Hum. Servs.*, 675 F.3d 1358, 1361-62 (Fed. Cir. 2012).

In *Avera,* the Federal Circuit stated that "[i]nterim fees are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained." *Avera*, 515 F.3d at 1352. Likewise, in *Shaw,* the Federal Circuit held that "where the claimant establishes that the cost of litigation has imposed an undue hardship and there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees." 609 F.3d at 1375. *Avera* did not, however, define when interim fees are appropriate; rather, it has been interpreted to allow special masters discretion. *See Avera*, 515 F.3d at 1352; *Kirk v. Sec'y of Health & Hum. Servs.*, No. 08-241V, 2009 WL 775396, at *2 (Fed. Cl. Spec. Mstr. Mar. 13, 2009); *Bear v. Sec'y of Health & Hum. Servs.*, No. 11-362V, 2013 WL 691963, at *4 (Fed. Cl. Spec. Mstr. Feb. 4, 2013). Special masters have viewed the three *Avera* criteria -- protracted proceedings, costly expert testimony, and undue hardship -- as factors to consider in a flexible balancing test. *Avera*, 515 F.3d at 1352; *see Al-Uffi v. Sec'y of Health & Hum. Servs.*, No. 13-956V, 2015 WL 6181669, at *7 (Fed. Cl. Spec. Mstr. Sept. 30, 2015).

2

The undue hardship inquiry looks at more than just financial involvement of a petitioner; it also looks at any money expended by a petitioner's counsel. *Kirk*, 2009 WL 775396, at *2. Referring to *Avera*, former Chief Special Master Golkiewicz in *Kirk* found that "the general principle underlying an award of interim fees [is] clear: avoid working a substantial financial hardship on petitioners and their counsel." *Id*.

### B. Good Faith

A petitioner is eligible for an interim award of reasonable attorneys' fees and costs only if the special master finds that the petition was brought in good faith and with a reasonable basis. §15(e)(1); *Avera*, 515 F.3d at 1352; *Shaw*, 609 F.3d at 1372; *Woods v. Sec'y of Health & Hum. Servs*, 105 Fed. Cl. 148, 154 (2012); *Friedman v. Sec'y of Health & Hum. Servs.*, 94 Fed. Cl. 323, 334 (2010); *Doe 21 v. Sec'y of Health & Hum. Servs.*, 89 Fed. Cl. 661, 668 (2009); *Bear*, 2013 WL 691963, at *5; *Lumsden v. Sec'y of Health & Hum. Servs.*, No. 97-588V, 2012 WL 1450520, at *4 (Fed. Cl. Spec. Mstr. Mar. 28, 2012). The good faith requirement is met through a subjective inquiry. *Di Roma v. Sec'y of Health & Hum. Servs.*, No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993). It "focuses upon whether [P]etitioner honestly believed he had a legitimate claim for compensation." *Turner v. Sec'y of Health & Hum. Servs.*, No. 99-544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). Without evidence of bad faith, "petitioners are entitled to a presumption of good faith." *Grice v. Sec'y of Health & Hum. Servs.*, 36 Fed. Cl. 114, 121 (1996). Thus, so long as Petitioner had an honest belief that his claim could succeed, the good faith requirement is satisfied. *See Riley v. Sec'y of Health & Hum. Servs.*, No. 09-276V, 2011 WL 2036976, at *2 (Fed. Cl. Spec. Mstr. Apr. 29, 2011) (citing *Di Roma*, 1993 WL 496981, at *1); *Turner*, 2007 WL 4410030, at *5.

### C. Reasonable Basis

Unlike the good faith inquiry, an analysis of reasonable basis requires more than just a petitioner's belief in his claim. *Turner*, 2007 WL 4410030, at *6-7. Instead, the claim must be supported by objective evidence -- medical records or medical opinion. *Sharp-Roundtree v. Sec'y of Health & Hum. Servs.*, No. 14-804V, 2015 WL 12600336, at *3 (Fed. Cl. Spec. Mstr. Nov. 3, 2015).

Although the statute does not define the quantum of proof needed to establish reasonable basis, it is "something less than the preponderant evidence ultimately required to prevail on one's vaccine-injury claim." *Chuisano v. United States,* 116 Fed. Cl. 276, 283 (2014). The Court of Federal Claims affirmed in *Chuisano* that "[a]t the most basic level, a petitioner who submits no evidence would not be found to have reasonable basis. . ." *Id.* at 286. The Court in *Chuisano* found that a petition that relies on temporal proximity and a petitioner's affidavit is not sufficient to establish reasonable basis. *Id.* at 290; *see also Turpin v. Sec'y Health & Hum. Servs.*, No. 99-564V, 2005 WL 1026714, *2 (Fed. Cl. Spec. Mstr. Feb. 10, 2005) (finding no reasonable basis when petitioner submitted an affidavit and no other records); *Brown v. Sec'y Health & Hum. Servs.*, No. 99-539V, 2005 WL 1026713, *2 (Fed. Cl. Spec. Mstr. Mar. 11, 2005) (finding no reasonable basis when petitioner presented only e-mails between her and her attorney). The Federal Circuit has affirmed that "more than a mere scintilla but less than a preponderance of proof

could provide sufficient grounds for a special master to find reasonable basis." *Cottingham v. Sec'y of Health & Hum. Servs.*, No. 2019-1596, 971 F.3d 1337, 1346 (Fed. Cir. 2020) (finding Petitioner submitted objective evidence supporting causation when she submitted medical records and a vaccine package insert); *see also James-Cornelius v. Sec'y of Health & Hum. Servs.*, 984 F.3d 1374, 1380 (Fed. Cir. 2021) (finding that "the lack of an express medical opinion on causation did not by itself negate the claim's reasonable basis").

"[I]n deciding reasonable basis the [s]pecial [m]aster needs to focus on the requirements for a petition under the Vaccine Act to determine if the elements have been asserted with sufficient evidence to make a feasible claim for recovery." *Santacroce v. Sec'y of Health & Hum. Servs.*, No. 15-555V, 2018 WL 405121, at *7 (Fed. Cl. Jan. 5, 2018). Special masters cannot award compensation "based on the claims of petitioner alone, unsubstantiated by medical records or by medical opinion." 42 U.S.C. § 300aa-13(a)(1). Special masters and judges of the Court of Federal Claims have interpreted this provision to mean that petitioners must submit medical records or expert medical opinion in support of causation-in-fact claims. *See Waterman v. Sec'y of Health & Hum. Servs.,* 123 Fed. Cl. 564, 574 (2015) (citing *Dickerson v. Sec'y of Health & Hum. Servs.*, 35 Fed. Cl. 593, 599 (1996) (stating that medical opinion evidence is required to support an on-Table theory where medical records fail to establish a Table injury)).

When determining if a reasonable basis exists, a special master may consider myriad factors, including "the factual basis of the claim, the medical and scientific support for the claim, the novelty of the vaccine, and the novelty of the theory of causation." *Amankwaa*, 138 Fed. Cl. at 289. This approach allows the special master to look at each application for attorneys' fees and costs on a case-by-case basis. *Hamrick v. Sec'y of Health & Hum. Servs.*, No. 99-683V, 2007 WL 4793152, at *4 (Fed. Cl. Spec. Mstr. Nov. 19, 2007).

## II.    Discussion

### A.    Undue Financial Hardship

The Federal Circuit has noted that interim fees "are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained." *Avera*, 515 F.3d at 1352 (Fed. Cir. 2008). Petitioner's former counsel, Mr. Downing, worked on this case from February 2022 through December 2024 and has not yet been awarded interim fees and costs. ECF Nos. 43, 58; Fees App., Ex A. As counsel, Mr. Downing retained an expert, filed two expert reports and supporting medical literature, and filed an amended petition. *See* ECF Nos. 47-49, 55. I find that Petitioner would suffer undue hardship without an award of interim fees and costs.

### B.    Good Faith and Reasonable Basis

Respondent has not raised any specific objection to Petitioner's good faith or reasonable basis for this claim, and he leaves the determination to my discretion. Fees Resp. at 2. I find that the petition was filed in good faith.

As discussed above, the threshold for reasonable basis is much lower than the burden to prove entitlement to compensation, which requires preponderant evidence. Petitioner filed

extensive medical records and two expert reports. I find that Petitioner has maintained a reasonable basis for his claim.

As there is no other reason to deny an award of interim attorneys' fees and costs, I will award Petitioner's reasonable fees and costs as described below.

### C. Attorneys' Fees

Petitioner requests a total of $25,760.50 in attorneys' fees for Downing, Allison & Jorgenson, LLC ("Downing, Allison & Jorgenson"). Fees App. at 14. Petitioner bears the burden of establishing that the rates charged, hours expended, and costs incurred are reasonable. *Wasson v. Sec'y of Health & Hum. Servs.*, 24 Cl. Ct. 482, 484 (1993).

#### 1. Reasonable Hourly Rate

A reasonable hourly rate is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of [P]etitioner's attorney." *Rodriguez v. Sec'y of Health & Hum. Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349).

*McCulloch* provides the framework for determining the appropriate compensation for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09–293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[3]

Petitioner requests compensation for his former counsel, Mr. Andrew Downing, at a rate of $485.00 for work performed in 2024. Fees App. at 16-17. Petitioner requests compensation for Ms. Ann Allison, counsel, at a rate of $435.00 per hour for work performed in 2024. *Id.* Petitioner requests compensation for Ms. Courtney Jorgenson, counsel, at a rate of $375.00 per hour for work performed in 2024. *Id.* Petitioner also requests compensation for paralegal work at an hourly rate of $175.00 per hour for 2024. *Id.* These rates are consistent with what the Downing, Allison & Jorgenson law firm attorneys and paralegals have been previously awarded. *See, e.g.*, *Husain v. Sec'y of Health & Hum. Servs.*, No. 22-1218V, 2025 WL 1409870, at *2 (Fed. Cl. Spec. Mstr. Apr. 8, 2025); *Coons v. Sec'y of Health & Hum. Servs.*, No. 20-1067V, 2025 WL 1011347, at *2 (Fed. Cl. Spec. Mstr. Jan. 17, 2025); *Zollman v. Sec'y of Health & Hum. Servs.*, No. 22-802V, 2025 WL 512615, at *2 (Fed. Cl. Spec. Mstr. Jan. 13, 2025). I see no reason to disturb the requested rates.

---

[3] The Office of Special Masters Attorneys' Forum Hourly Rate Fee Schedule for 2015 through 2025 can be accessed at: https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules. The hourly rates contained within the schedules are updated based on the decision in *McCulloch*, 2015 WL 5634323.

   2.  <u>Hours Reasonably Expended</u>

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348.  Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton ex rel. Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1522 (Fed. Cir. 1993). In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged.  *See Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 728-29 (2011) (affirming the special master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Hum. Servs.*, 38 Fed. Cl. 403, 406 (1997) (affirming the special master's reduction of attorney and paralegal hours).  Further, special masters may reduce awards *sua sponte*, independent of enumerated objections from the respondent.  *Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 208-09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 318 (Fed. Cl. 2008), *aff'd*, No. 99-573V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees.  *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011).  Special masters may look to their experience and judgment to reduce an award of fees and costs to a level they find reasonable for the work performed.  *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993).  It is within a special master's discretion to make a global reduction to the total amount of fees requested.  *See Hines v. Sec'y of Health & Hum. Servs.*, 22 Cl. Ct. 750, 753 (1991) ("special masters have wide latitude in determining the reasonableness of both attorneys' fees and costs"); *Hocraffer v. Sec'y of Health & Hum. Servs.*, No. 99-533V, 2011 WL 3705153 (Fed. Cl. Spec. Mstr. July 25, 2011), *mot. for rev. denied*, 2011 WL 6292218, at *13 (Fed. Cl. 2011) (denying review of the special master's decision and endorsing "a global – rather than line-by-line – approach to determine the reasonable number of hours expended in this case").

While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary.  *See O'Neill v. Sec'y of Health & Hum. Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015).  Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26.  It is well-established that billing for administrative and clerical tasks is not permitted in the Vaccine Program.  *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989).

The overall hours spent on this matter appear to be largely reasonable; however, a minor reduction is necessary due to paralegal time billed for administrative and clerical tasks and excessive paralegal time billed for review of filings.  The majority of these entries bill between 0.1 and 0.4 hours for receiving and reviewing status reports and scheduling orders.  *See* Fees App., Ex. A.  Examples include (but are not limited to):

- February 16, 2024: 0.1 hours billed by Ms. Avery to "*Receive and review Court's Order Granting Substitution of Counsel; brief memo to file re: same.*"

- May 14, 2024: 0.3 hours billed by Ms. Avery to "Finalize and file Notice of Filing; *receive and review Court's ECF notification*; memo to file re: completion."

- August 14, 2024: 0.3 hours billed by Ms. Perez to "*Receive and review ECF Notification* re; Notice of Reassignment; brief to file."

*Id.* (emphasis added). The paralegals billed approximately 3 hours for these tasks, resulting in charges of $525.00. These issues have previously been raised with Mr. Downing. *See Coons*, 2025 WL 1011347 at *3; *Wakileh v. Sec'y of Health & Hum. Servs.*, No. 21-1136V, 2023 WL 9228198, at *3 (Fed. Cl. Spec. Mstr. Dec. 18, 2023); *Hoover on behalf of L.H. v. Sec'y of Health & Hum. Servs.*, No. 20-1394V, 2021 WL 5575768, at *9 (Fed. Cl. Spec. Mstr. Nov. 1, 2021). I will apply a $525.00 deduction from the requested attorneys' fees for these charges.

Accordingly, Petitioner is awarded attorneys' fees in the amount of **$25,235.50**.[4]

**D. Reasonable Costs**

Petitioner requests a total of $13,919.92 for attorneys' costs, consisting of $71.74 for medical record requests; $9.85 for postage; and $13,838.33 for Dr. Andersson's expert costs. Fees App., Ex. A at 7.

Petitioner provided documentation for the costs associated with the medical record requests and postage costs. Fees App., Ex. A at 7-10, 14-15. I find the costs for these items to be reasonable and award them in full. I discuss Petitioner's expert costs below.

1. Petitioner's Expert Costs for Peter-Brian Andersson, M.D., Ph.D.

Petitioner requests $13,838.33 for Dr. Andersson's work, at a rate of $500.00 per hour. Fee App., Ex. A at 7, 11-13, 16-17. Dr. Andersson has been awarded his requested hourly rate by other special masters, and I see no reason to disturb his request. *See Yi v. Sec'y of Health & Hum. Servs.*, No. 19-1789, 2024 WL 1481586, at *2 (Fed. Cl. Spec. Mstr. Jan. 24, 2024); *see also Byrd v. Sec'y of Health & Hum. Servs.*, No. 20-1476V, 2023 WL 8948076, at *5 (Fed. Cl. Spec. Mstr. Sept. 8, 2023). I find the overall number of hours expended by Dr. Andersson to be reasonable, and I will award his expert costs in full.

I award Petitioner a total of **$13,919.92** in attorneys' costs.[5]

---

[4] This total reflects Petitioner's $25,760.50 request for attorneys' fees minus the $525.00 reduction for paralegal billings. ($25,760.50 - $525.00 = $25,235.50).

[5] Petitioner is awarded $71.74 for medical records requests; $9.85 for postage; and $13,838.33 for Dr. Andersson's work; totaling $13,919.92.

**III.    Conclusion**

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of awards of interim attorneys' fees and costs, and based on the foregoing, I **GRANT IN PART** Petitioner's application.  Petitioner is awarded interim attorneys' fees and costs in the total amount of **$39,155.42** as follows:

- A lump sum in the amount of **$39,155.42**, representing reimbursement of Petitioner's interim attorneys' fees and costs, to be paid through an ACH deposit to Petitioner's former counsel's IOLTA account for prompt disbursement.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[6]

**IT IS SO ORDERED.**

<u>s/ Jennifer A. Shah</u>
Jennifer A. Shah
Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

8